**Otis Clarence WALKER, Individually and on Behalf of all Others Similarly Situated, Plaintiffs,**

v.

**STATE OF ALABAMA, Alabama Peace Officers Standards and Training Commission, Alabama Department of Corrections, Personnel Board of the State of Alabama, and Guy L. Hunt, Individually and as Governor of the State of Alabama, Defendants.**

Civ. A. No. 84–C–0027–S.

United States District Court, N.D. Alabama, S.D.

May 3, 1991.

John Scott Greene, Robert F. Childs, Jr. and Robert L. Wiggins, Jr., Gordon Silberman Wiggins & Childs, Birmingham, Ala., for plaintiffs.

William F. Gardner, Cabaniss Johnston Gardner Dumas & O'Neal, James S. Ward, Corley Moncus & Bynum, P.C., Donald V. Watkins, Birmingham, Ala., Richard N. Meadows, Alabama Dept. of Educ., Thornton D. Perry, R. David Christy, Jack M. Curtis, Don E. Siegelman, Bobby N. Bright, McInnish Bright & Chambless, Horace N. Lynn, Harry A. Lyles, Alabama Dept. of Corrections Legal Div., Barry Teague, and David B. Byrne, Robison & Belser, P.A., Montgomery, Ala., for defendants.

Gary E. Atchison, Montgomery, Ala., for claimant.

MEMORANDUM OF OPINION DENYING MOTION FOR STAY PENDING APPEAL

CLEMON, District Judge.

On April 29, 1991, the State of Alabama filed a Notice of Appeal from the Order and Judgment of the Court entered on March 28, 1991. The March 28, 1991 order effectively granted the plaintiff class' mo-

tion to enforce the Consent Decree previously entered herein. Contemporaneous with the filing of its Notice of Appeal, the State of Alabama requested a stay pending its appeal. For the reasons recited below, the stay is denied.

This is a seven-year old, fairly complicated Title VII class action. It was tried in 1987, and resulted in a Judgment and Permanent Injunction for the plaintiff class. During the appeal, the parties reached a tentative settlement and so advised the Eleventh Circuit. Accordingly, the case was sent back to this Court for a review of the terms of the proposed settlement. Largely in return for the relinquishment of the class claim that the statutory automatic disqualification of convicted felons violates Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, the defendants agreed to pay $2.1 million for the class monetary award, attorney's fees, and costs "... expressly subject to and contingent upon a special appropriation by the State of Alabama Legislature which is signed into law."

The settlement further provided that "[i]f and in the event the State Legislature does not appropriate the funds which are the subject of this Settlement Decree, or if for any reason it is not signed into law, then, and in the event, this Settlement Decree shall be null, void, and of no binding effect." *Id.*

After the preliminary approval of and fairness hearing on the proposed Consent Decree, this Court was concerned that the Legislature had not enacted the special appropriation to fund the settlement. By order, the Court notified the parties of its intention to finally approve the proposed decree "... conditioned on the action of, or failure to act by, the Alabama Legislature in its current session." March 21, 1990 Order.

On April 23, 1990, the Alabama Legislature enacted a General Fund Budget for the 1990–91 fiscal year. It contained a $2.1 million "conditional" appropriation for purposes of funding this action. The class then promptly moved for final approval of the settlement, reciting that inasmuch as the Governor had signed the General Fund Budget, "... [t]he monies necessary to fund the appropriation and the settlement fund are available within the General Fund Budget and only require the Governor's approval ..." They further recited that "... the foregoing appropriation of the Alabama Legislature satisfies the requirement [of a special appropriation] of the [proposed] Consent Decree." *Id.* Plaintiff Class' Motion of May 15, 1990, p. 2. This position was articulated at great length in the motion. *Id.* pp. 3–8. The motion concluded:

> Should any of the parties to the settlement attempt not to fund the settlement or to otherwise exercise their discretion in a way which might impair funding or enforcement of the settlement, they should be estopped from doing so and otherwise subjected to all available remedies for breach of their contractual and fiduciary obligation to do all things necessary to gain such funding or enforcement.

*Id.,* p. 8.

The State of Alabama did not take issue with any of the grounds urged in the motion to grant final approval. In point of fact, counsel for the State of Alabama advised the Court that the State did not object to the granting of the motion.

Thus assured that the State of Alabama (and, for that matter, all of the parties) were in agreement that the $2.1 million conditional appropriation was, under the circumstances, the special appropriation required by the proposed Consent Decree, the Court gave its final approval to the decree on September 28, 1990. In its order, the Court found that:

> On May 16, 1990 the plaintiffs filed a Motion To Grant Final Approval To Consent Decree which recited the legislative appropriation verbatim and requested that the contingency in Sections IV B and X of the settlement Decree be declared satisfied on various grounds. All of the parties to the settlement were served with the Motion and were subsequently notified of a hearing to be held on such Motion on June 15, 1990. Prior

to the hearing on the Motion To Grant Final Approval To Consent Decree, the Court was informed by the parties that there were no objections to granting the relief requested by the plaintiffs' Motion or to approval of the Consent Decree. Since that time, none of the parties to the settlement have suggested that the legislative appropriation signed into law did not satisfy the contingency set forth in Sections IV B and X of the Consent Decree or that the settlement should not be given final approval. Order of September 28, pp. 2–3.

Accordingly, the Consent Decree was declared by the Court to be "... final, binding, and effective on all parties to the settlement...." *Id.* p. 19. The State of Alabama did not appeal from the Order and Final Judgment entered herein on September 29, 1990.

The 1989–90 fiscal year for the State of Alabama ended on September 30, 1990. As of October 1, 1990, the defendant State of Alabama had a $30.7 million surplus in the General Fund Budget. As of that date, of course, the State of Alabama was obligated by its own agreement, and, more importantly, by the order signed by this Court, to pay over the $2.1 million to the Clerk of this Court.

Based on this Court's final approval of the settlement, the Eleventh Circuit (per Tjoflat, Fay, and Henderson) dismissed the pending appeal on December 31, 1990.

On March 6, 1991, "[b]ecause of continuing inquiries to the Court from class members," class counsel was directed to report to the Court, by March 15, 1990, the status of implementation of the terms of the Decree. This order apparently prompted the filing by class counsel of a Motion to Enforce the Consent Decree. The Court granted the Motion.

In response to the March 28, 1991 Order to "immediately comply with all terms and conditions of the Consent Decree and file within ten days ... a report....," the State of Alabama took the position on April 8, 1991 for the first time that in effect the conditional appropriation does not satisfy the special appropriation requirement of the Consent Decree. As explained at oral argument on its motion for a stay, the State now makes the incredulous, indeed ridiculous, argument that under the terms of the Consent Decree, as finally approved by the Court, there is no absolute and fixed obligation of the State of Alabama to pay the $2.1 million settlement award provided for by the Decree. The position, insofar as it has been reduced to writing, and signed, invites a motion under Rule 11 of the Federal Rules of Civil Procedure.

Under the facts and circumstances of this case, the Court concludes that the State of Alabama's Notice of Appeal was not filed in good faith. Therefore, the Motion for a Stay Pending Appeal is hereby OVERRULED.